FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 DEC 26  P 12: 46

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | | |
|---|---|---|
| CARAHSOFT TECHNOLOGY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-CV-1575 |
| | ) | (LMB/TCB) |
| JANUS CONSULTING PARTNERS LLC | ) | |
| SERVE: | ) | |
| Scott T. Marvel, Registered Agent | ) | |
| and Managing Member | ) | |
| 5215 N. O'Connor Boulevard | ) | |
| Suite 200 | ) | |
| Irving, Texas 75089, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT
### (Breach of Express Contract and Breach of Implied Contract)

Plaintiff, Carahsoft Technology Corp. ("Carahsoft"), by counsel, files this Complaint

against Defendant, Janus Consulting Partners LLC ("Janus"), and in support thereof states as

follows:

### I.   THE PARTIES

1.      Carahsoft is a corporation organized under the laws of the State of Maryland, with

its principal place of business in Reston, Virginia.

2.      Janus is a limited liability corporation initially registered in the State of Georgia,

but in 2013 converted and registered in the State of Texas.  Upon information and belief, the

managing members of Janus are all citizens of and residents of states other than Maryland and

Virginia.

## II. JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 (2012) as there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

4.     This Court has personal jurisdiction over the Defendant based upon its continued and systematic contacts with the Plaintiff in the Commonwealth of Virginia. Furthermore, pursuant to the terms of a written agreement entered into between the parties referenced in more detail hereafter, it was agreed that the contract which is the subject of this dispute would be construed in accordance with the laws of the Commonwealth of Virginia and Janus agreed to the jurisdiction of the courts of the Commonwealth of Virginia.

5.     Venue is proper in this judicial district and division as the contract which is the subject of this dispute was negotiated between the parties while the Plaintiff was operating out of its principal place of business in Reston, Virginia.

## III. STATEMENT OF FACTS

6.     At all relevant times herein, Carahsoft was in the business of serving as a government IT (information technology) provider. In this capacity, Carahsoft had a contract with Endeca Technologies, Inc. ("Endeca"), a software company specializing in search, discovery and e-business software, to serve as its distributor for Endeca's IT products for use by governmental entities. At all relevant times herein, Janus held itself out to be an IT and professional services company.

7.     At a point in time before September 6, 2011, Endeca and Janus engaged in direct discussions regarding the purchase by Janus of software developed by Endeca. As a result of those discussions, Endeca and Janus agreed that Janus would acquire rights to Endeca's Latitude-

based software ("Software") and certain specified licenses ("Licenses") for an agreed upon price which Janus would then use for, among things, a Texas National Guard contract it was attempting to secure.

8.      Because Endeca could not sell the Software and Licenses that Janus wanted to purchase directly from Endeca but only through Carahsoft, on or about September 6, 2011, Endeca's representative, Harvey Morrison, first approached Carahsoft's representative, Michael Adams, regarding the purchase by Janus of the Software and Licenses. Carahsoft had no prior dealings with Janus.

9.      The arrangement as explained by Morrison and which had been agreed to by Endeca and Janus was as follows:  Carahsoft would purchase from Endeca the Software and Licenses Janus and Endeca had previously identified and thereafter Janus would purchase from Carahsoft the very same Software and Licenses. Morrison advised Adams that Janus and Endeca had also agreed upon the price Janus would pay Carahsoft for its purchase of the Software and Licenses. The difference between the purchase price of the Software and Licenses paid by Carahsoft to Endeca and the price for the same Software and Licenses Janus paid to Carahsoft was approximately $20,000, which was compensation to Carahsoft for assisting in this transaction and its agreement to extend credit terms to Janus, thus allowing for payment over an extended period of time.

10.     On or about September 6, 2011, representatives of Carahsoft, Endeca and Janus agreed to the arrangement referenced in ¶ 9, hereinafter referred to as the "Agreement."

11.     Consistent with and as part of the Agreement, on September 19, 2011, Carahsoft issued a written quote to Janus for the sale of the Software and Licenses which Endeca and Janus had previously identified and agreed upon. A copy of the September 19, 2011 quote ("Quote")

marked Exhibit A is attached and incorporated herein.  This Quote described the Software and Licenses in accordance with what Endeca had advised Carahsoft it should contain.  Consistent with the Agreement, the Quote provided that the first of six equal payments of $43,314.72 due every 30 days would be paid to Carahsoft commencing on March 31, 2012, with the final payment being made on or before August 31, 2012.

12.     Consistent with and as part of the Agreement, on September 26, 2011, Janus issued a purchase order to Carahsoft for the purchase of the Software and Licenses as reflected in the September 19, 2011 Quote ("Janus Purchase Order").  A copy of the Janus Purchase Order, together with Appendix A referenced therein, marked Exhibit B is attached and incorporated herein.

13.     Consistent with and as part of the Agreement, and as a condition for Carahsoft agreeing to extend credit terms to Janus, on September 26, 2011, Janus signed a Credit Application and Agreement with Carahsoft which, among other things, provided for the payment of interest at 1.5% per month or the maximum permitted by law for past-due invoice amounts ("Credit Agreement").  A copy of the Credit Agreement marked Exhibit C is attached and incorporated herein.  Pursuant to the terms of the Credit Agreement, Janus further agreed to pay "reasonable attorney's fees, court costs and other expenses incurred by Carahsoft whether or not suit is filed" in its efforts to recover all amounts due Carahsoft from Janus under the Agreement and the Janus Purchase Order.

14.     Having received the September 26, 2011 Janus Purchase Order and Credit Agreement, and consistent with the Agreement previously reached between Endeca, Janus and Carahsoft, Carahsoft then issued to Endeca a separate purchase order dated September 30, 2011

("Carahsoft Purchase Order"). A copy of the Carahsoft Purchase Order marked Exhibit D is attached and incorporated herein.

15.     Consistent with and as part of the Agreement, the Janus Purchase Order and the Carahsoft Purchase Order, Endeca confirmed on September 30, 2011, that Janus had been granted the Software and Licenses by Endeca and provided Janus with the user name and password which allowed immediate access to download the Software. Upon receipt by Janus of the user name and password, both Janus and Endeca had fulfilled their obligations under the Agreement, the Janus Purchase Order and the Carahsoft Purchase Order.

16.     Upon information and belief, on or about September 30, 2011, Janus downloaded the subject Software and continued to use it thereafter.

17.     Thereafter, having been invoiced by Endeca for the Software and Licenses referenced in the Agreement, the Janus Purchase Order and the Carahsoft Purchase Order, Carahsoft paid Endeca in full.

## COUNT I – BREACH OF EXPRESS CONTRACT

18.     The allegations contained in paragraphs 1-17 above are incorporated herein as if fully set forth.

19.     Carahsoft fully performed its obligations under the Agreement, the Janus Purchase Order and the Credit Agreement. Janus never provided Carahsoft with any notice of rejection, objection or indication of any problem with the Software or Licenses at any time prior to the first payment of $43,314.72 coming due on March 31, 2012, or before the last payment would have been due on August 31, 2012. By failing to make these payments, Janus is in breach of the express terms of the Agreement, Janus Purchase Order and Credit Agreement.

20.     Although Carahsoft made demand on Janus for payments in accordance with the terms of the Agreement, Janus Purchase Order and Credit Agreement, no payments were ever forthcoming.  Having failed to make such payments, Janus is in breach of the express terms of the Agreement, Janus Purchase Order and Credit Agreement.  Plaintiff, having fully performed all of its obligations under said Agreement, Janus Purchase Order and Credit Agreement, is entitled to recover from the Defendant the sum of Two Hundred Fifty-nine Thousand Eight Hundred and Eighty-eight Dollars and 22/100 ($259,888.22), plus interest accruing at the rate of 1.5% per month commencing on March 31, 2012, and the reasonable attorney's fees, court costs and other expenses incurred by Plaintiff in pursuing its claim against Defendant.

## COUNT II - BREACH OF IMPLIED CONTRACT/QUANTUM MERUIT

21.     The allegations contained in paragraphs 1-20 above are incorporated herein as if fully set forth.

22.     Through Plaintiff's efforts, the Defendant has been provided direct access to the Software and Licenses and has availed itself of the use of the Software which would not have been the case but for acquiring these rights through Plaintiff.  Plaintiff did so with the expectation of payment and for which Plaintiff has received no payment.

23.     By reason of the foregoing and alternatively in the event the Court should determine that the Agreement and/or Janus Purchase Order is not enforceable, Plaintiff is entitled to recover from the Defendant the sum of Two Hundred Fifty-nine Thousand Eight Hundred and Eighty-eight Dollars and 22/100 ($259,888.22) under an implied contract representing the reasonable value of the materials and services provided by Plaintiff for the use by the Defendant of the Software and Licenses.

WHEREFORE, Plaintiff, Carahsoft Technology Corp., prays for judgment against Defendant, Janus Consulting Partners, LLC, in the sum of $259,888.22, plus pre-judgment interest at 1.5% per month, or such other rate as set by this Court, from March 31, 2012, plus its reasonable attorney's fees and its costs expended herein, and for such other and further relief as the Court may deem just and proper.

CARAHSOFT TECHNOLOGY CORP.
By Counsel

Alan B. Croft (VSB #9209)
Laura Golden Liff (VSB #80618)
**McCANDLISH & LILLARD, P.C.**
201 Loudoun Street, SE, Suite 201
Leesburg, Virginia  20175
PH:  (703) 934-1105
FX:  (703) 737-0165
acroft@mccandlaw.com
lliff@mccandlaw.com

*Counsel for Plaintiff*